12-3401-cv
Laboy v. Bd. of Trustees of Bldg. Serv. 32 BJ SRSP

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand thirteen.

Present:
        CHESTER J. STRAUB,
        PETER W. HALL,
        CHRISTOPHER F. DRONEY,

                *Circuit Judges.*
_____

BRUCE LABOY, Individually, and on behalf of a
class of all others similarly situated, and on behalf
of the Building Service 32 BJ SRSP Fund,

                *Plaintiff-Appellant*,
                v.                                                    No.      12-3401-cv

BOARD OF TRUSTEES OF BUILDING
SERVICE 32 BJ SRSP, HOWARD I.
ROTHSCHILD, JOHN SANTORA, CHARLES
DOREGO, FRED WARD, MICHAEL P.
FISHMAN, KEVIN J. DOYLE, HECTOR J.
FIGUEROA, BRIAN LAMBERT, LARRY
ENGELSTEIN,

                *Defendants-Appellees*.

_____

FOR APPELLANT: ROBERT J. BERG (James R. Denlea, Jeffrey I. Carton, *on the brief*) Meiselman, Denlea, Packman, Carton & Eberz, P.C., White Plains, N.Y.

FOR APPELLEES: MYRON D. RUMELD (Brian S. Neulander, Proskauer Rose LLP, and Jacob Karabell, Bredhoff & Kaiser, PLLC, *on the brief*), Proskauer Rose LLP, New York, N.Y.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Bruce Laboy appeals from a judgment entered by the district court on August 8, 2012, granting Defendants' motion to dismiss Laboy's Second Amended Complaint (the "Complaint") alleging that Defendants breached their fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The district court held that the Complaint asserted merely conclusory statements unsupported by facts which could plausibly establish that Defendants breached their fiduciary duty to manage prudently the Local 32 BJ Union's 401(k) plan (the "Plan"). Laboy argues that the Complaint satisfied the notice pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), by alleging facts showing that Defendants failed to remove from its roster of investments the Plan's default fund, Putnam Asset Allocation: Conservative Portfolio Y (the "Putnam Fund")—into which Plan contributions were placed in the event a contributor did not select one of the alternative funds—despite the Putnam Fund's lagging performance and high expense ratio relative to other comparable funds.

2

Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan . . . with the care, skill, prudence, and diligence under the circumstances then prevailing." 29 U.S.C. § 1104(a)(1)(B). To state a claim for breach of a fiduciary duty, a plaintiff must allege that (1) the defendant was acting as a fiduciary of the plan, (2) the defendant breached that duty, and (3) the breach caused harm to the plaintiff. *Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000). On review of a district court's judgment dismissing a complaint for failure to state a claim, we accept as true all facts alleged in a complaint and draw all reasonable inferences in plaintiff's favor. *ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009).

The parties do not dispute that Defendants are fiduciaries of the Plan. Laboy argues that the Complaint has alleged sufficient facts to establish that Defendants breached their fiduciary duty. Specifically, Laboy points to allegations in the Complaint that Defendants failed to implement a procedure providing for review of the Putnam Fund's performance and fee structure, Complaint ¶ 55; failed to inform themselves of comparable alternatives to the Putnam Fund, *id.* at ¶ 86; and failed to discontinue the Putnam Fund as their default fund even when it was clear that the Putnam Fund lagged behind comparable funds in its performance and management expenses, *id.* at ¶ 62. The Complaint compared the one-, three-, and five-year returns and management fees of the Putnam Fund with those of eight other funds, which Laboy characterized as minimal risk-exposure alternatives to the Putnam Fund.[1] The Complaint alleged that the Putnam Fund had the

---

[1] In his First Amended Complaint, Laboy also alleged that over the one-year period ending March 31, 2011, the Putnam Fund performed in the top 44% of comparable funds; over a three-year period, in the top 36%; over a five-year period, in the top 61%; and over a ten-year period, in the top 37%. First Am. Compl. ¶ 53. Laboy's Second Amended Complaint omits these figures.

3

worst performance of all nine funds over each period and carried the second highest expense ratio of all the listed funds.[2]  *Id.* at ¶ 68.  Laboy cites no authority for these statistics.[3]

These allegations are insufficient to meet Laboy's burden to plead a breach of fiduciary duty.  It is well-established that allegations of poor results alone do not constitute allegations sufficient to state a claim for such a breach.  *In re Citigroup ERISA Litig.*, 662 F.3d 128, 140 (2d Cir. 2011) (noting that "[t]he test of prudence is . . . one of conduct rather than results").  As the district court correctly held, Laboy has failed to allege any conduct by Defendants that could plausibly establish a breach of fiduciary duty.  Laboy cites *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009), as support for the adequacy of its pleadings, arguing that the Complaint pleads a claim comparable to the one recognized in *Braden*.  There, the court held that a 401(k) plan participant had sufficiently pleaded a claim for breach of fiduciary duty when the plaintiff alleged that the plan's fiduciaries failed to consider a conflict of interest on the part of Merrill Lynch, the plan's trustee, which stood to collect portions of fees if certain funds were included in the plan's portfolio.  *Id.* at 589-90.  Braden charged that "the process by which mutual funds were selected was tainted" by the fiduciaries' failure to consider Merrill Lynch's self-dealing, thereby resulting in higher management fees.  *Id.* at 590.  The *Braden* court noted that the plaintiff "allege[d] extensive facts in support of these claims," including that although the plan, which had nearly $10 billion in assets, qualified for low-expense institutional shares of mutual funds, the plan opted for retail shares, which were generally available to individual investors and carried higher fees than the institutional shares.  *Id.*

---

[2] It is not evident from the Complaint at what date the expense ratio calculations were made.

[3] The statistics comparing the Putnam Fund to eight comparable alternative funds carry little weight in light of the allegation, later in the Complaint, that over the five-year period ending on March 31, 2011, the Putnam Fund "ranked 188 out of 312 [comparable] funds (61st percentile)," thus placing the Putnam Fund near the middle of the pack in a performance assessment.  ¶ 75.

*Braden* is therefore easily distinguished from the case before us. Braden alleged specific conduct—the fiduciaries' failure to foresee that Merrill Lynch's self-dealing resulted in higher management fees—which resulted in the plan being charged excessive fees. Here, Laboy has not alleged a similar failure. Rather, he relies on Defendants' decision in March 2011 to change from the Putnam Fund to the Vanguard Wellesley Income Fund as the Plan's default fund, the Putnam Fund's poor performance relative to comparable funds over the last five years, and the Fund's volatility and high management fees.[4] Such observations are not adequate to permit a plausible inference that the Defendants breached their fiduciary duties.

In sum, Laboy has failed to establish that the foregoing factors were so unreasonable as to render the fund an improper investment, thereby making the fiduciaries' decision to stick with the fund from 2001 through 2011 a breach of their fiduciary duty.

We have considered all of Laboy's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] In *Young v. Gen. Motors Corp.*, 325 F. App'x 31, 33 (2d Cir. 2009), this Court considered as "useful" the standard articulated for claims under the Investment Company Act in the context of the plaintiffs' claim under ERISA for breach of fiduciary duty based on excessive fees. This calls for balancing the fee charged against "the services rendered." *Id.* (internal quotation marks omitted). To the very limited extent that Laboy has alleged the facts required for such balancing, the fees charged do not appear disproportionate to the services rendered.